UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERTO BONAL RODRIGUEZ, Petitioner, v. JOHN MATTOS, *et al.*, Respondents. | Case No. 2:26-cv-02125-MMD-DJA ORDER |

## I. SUMMARY

Petitioner Roberto Bonal Rodriguez, an immigration detainee challenging the lawfulness of his federal detention at Nevada Southern Detention Center, filed an amended counseled petition for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 6 ("Petition").)[1] For the reasons explained below, the Court grants the Petition and orders a bond hearing.

## II. RELEVANT BACKGROUND

Petitioner entered the United States without inspection from Mexico nearly forty years ago. (ECF Nos. 6 at 4; 6-1 at 3.) He became a legal permanent resident in 1989. (ECF Nos. 6 at 7; 6-1 at 4.) Petitioner was convicted of a state criminal offense in 2024. (*Id.*) He was released on parole on April 3, 2026. (ECF No. 6 at 8.) Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner the same day. (*Id.*) Over four months later, Petitioner remains in ICE detention.

On the day of his ICE arrest, Petitioner received a Form I-286 Notice of Custody Determination. (ECF Nos. 6 at 6; 6-1 at 21.) The form declared that, in accordance with section 236 of the Immigration and Nationality Act (codified at 8 U.S.C. § 1226), the

[1]Respondents responded (ECF No. 10) and Petitioner replied (ECF No. 11).

Department of Homeland Security (DHS) would detain Petitioner pending a final determination in his immigration case. (*Id.*) The same day, Petitioner requested that an immigration judge ("IJ") conduct a review of this custody determination. (*Id.*) On June 1, Petitioner attended a hearing before an IJ. (ECF No. 6 at 9.) The IJ ordered Petitioner removed to Mexico. (ECF Nos. 6 at 9; 10-2 at 2-3.) Petitioner timely appealed this removal order to the Board of Immigration Appeals ("BIA"). (ECF Nos. 6 at 9; 10 at 3.)

## III. DISCUSSION

Petitioner argues his ongoing detention without a custody redetermination hearing violates due process. (ECF No. 6.) Respondents argue Petitioner's claims fail because Petitioner received a bond hearing on June 1, 2026 and failed to exhaust his administrative remedies by appealing to the BIA. (ECF No. 10.)

Based on the record before the Court, the Court finds the Petitioner did not receive a custody redetermination hearing. Respondents rely on an IJ order from June 1 to support their assertion that Petitioner received a bond hearing that day. (ECF No. 10 at 3 (citing 10-2).) However, the cited and attached IJ order solely pertains to the merits of Petitioner's immigration case. (ECF No. 10-2.) The order does not reference or adjudicate Petitioner's custody status. (*Id.*) The Court further reviewed the audio recording of the June 1 hearing. (ECF No. 13.) The recording confirms that the June 1 hearing pertained only to Petitioner's immigration case and did not address his custody status. Moreover, Petitioner alleges that in an email exchange regarding the June 1 hearing, Respondents counsel confirmed "that if a custody redetermination hearing occurred, Respondents' counsel was unaware of it." (ECF No. 11 at 4.) The Court therefore rejects Respondents' incorrect assertion that Petitioner received a custody redetermination hearing on June 1.[2]

Respondents argue the Petition should not be granted because Petitioner failed to

---

[2]The Court does not find evidence that Respondents intentionally mischaracterized the status of Petitioner's proceedings. However, the Court finds Respondents acted at least negligently in claiming Petitioner received a bond hearing, particularly when evidence within their control and submitted to the Court proved otherwise. As a result, Petitioner and the Court expended additional resources to disprove Respondents' baseless assertion.

exhaust his administrative remedies. (ECF No. 10.) "Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citation omitted). "Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). When determining whether to prudentially impose exhaustion, courts consider three factors: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)) (*Puga* factors). Section 2241 contains no statutory exhaustion requirement. *See* 28 U.S.C. § 2241. Administrative exhaustion is therefore not jurisdictional but rather prudential in immigration detention habeas petitions under § 2241. *See Laing v. Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004).

Respondents raise nearly identical administrative exhaustion arguments previously rejected by this Court. *See Garcia Garcia v. Blanche*, No. 2:26-CV-01502-MMD-DJA, 2026 WL 1911690 (D. Nev. July 2, 2026); *Baro-Marrero v. Blanche*, No. 2:26-CV-01523-MMD-MDC, 2026 WL 1950754 (D. Nev. July 6, 2026); *Garcia-Delgadillo v. Balaam*, No. 3:26-CV-00260-MMD-CLB, 2026 WL 1983239 (D. Nev. July 8, 2026). In particular, *Garcia Garcia v. Blanche* closely aligns with the facts in this Petition. *See* 2026 WL 1911690. There, the petitioner similarly had not received a bond hearing before an IJ. *See id.* at *1. The Court concluded that the *Puga* factors did not support prudentially imposing administrative exhaustion because without a custody redetermination hearing, there was no administrative record or process to be developed, bypassed, or corrected. *See id.* at *1-2 (citing *Puga*, 488 F.3d at 815). While the Court in *Garcia Garcia* proceeded to find that waiver of the exhaustion requirement applied, the Court does not reach that

issue here, having determined administrative exhaustion is not required.[3] *See id.* at *3. Moreover, the respondents in *Garcia Garcia* argued the petitioner failed to administratively exhaust because the petitioner did not affirmatively request a custody redetermination hearing. *See* Motion to Dismiss, Garcia Garcia v. Blanche, Case No. 2:26-cv-01502-MMD-DJA (D. Nev. June 18, 2026), (ECF No. 12 at 2). Here, there is no dispute that Petitioner requested a custody redetermination hearing. (ECF No. 6-1 at 21.) In this way, even if exhaustion were required (which the Court declines to prudentially impose here), Petitioner already administratively exhausted by requesting a custody redetermination hearing. There was no further available administrative process for Petitioner to pursue since he did not receive a custody redetermination from an IJ that he could then appeal to the BIA.

The Court finds Petitioner's ongoing discretionary detention without a custody redetermination hearing is unlawful. Respondents do not argue that Petitioner is subject to mandatory detention. (ECF No. 10.)[4] Detainees held discretionarily under 8 U.S.C. § 1226(a) may request a custody redetermination hearing before an IJ. *See* 8 C.F.R. §§ 236.1(d)(1). "A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *5 (citing *Rodriguez Diaz v.*

---

[3]While the Court does not reach the issue of waiver, the Court rejects Respondents' argument that because Petitioner did not argue waiver of administrative exhaustion in the Petition, the Court should not consider the waiver argument raised in his reply brief. (ECF No. 10 at 4 (quoting *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)).) The party seeking to waive prudential exhaustion bears the burden of proof. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011). However, the Court agrees with Petitioner that administrative exhaustion is a procedural affirmative defense that Respondents must first raise and prove. (ECF No. 11 at 8-9.) Only after Respondents successfully raise this affirmative defense does the burden shift to Petitioner to argue waiver. Here, the Court rejects Respondents' administrative exhaustion defense and need not address the issue of waiver. However. the Court notes that Petitioner followed proper procedure in arguing waiver in their reply after Respondents raised the exhaustion affirmative defense.

[4]The Ninth Circuit recently held that the government cannot impose mandatory detention under 8 U.S.C. 1225(b)(2)(A) on noncitizens like Petitioner who are present in the interior of the country at the time of their arrest by ICE. *See Rodriguez Vazquez v. Bostock*, --- F.4th ----, 2026 WL 2196424, at *26 (9th Cir. July 30, 2026).

*Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)). This individualized bond hearing before an IJ ensures the constitutionality of discretionary detention, particularly when, like here, that detention is prolonged for multiple months. *See Rodriguez Diaz*, 53 F.4th at 1202, 1207.

However, while Respondents do not address this issue in their response, it appears Petitioner may be subject to mandatory detention under 8 U.S.C. § 1226(c) due to his criminal history. Petitioner appears to acknowledge this in the Petition. (ECF No. 6 at 23 n. 29 (citing 8 U.S.C. § 1226(c)(1)(B); *Leon Perez v. Garland*, 105 F.4th 1226, 1228 (2024)).) But because Respondents do not acknowledge or make this argument, it is unclear to the Court whether Petitioner is subject to mandatory or discretionary detention. Accordingly, in the Court's equitable discretion to fashion a remedy, the Court will grant Petitioner's alternative requested relief of a constitutionally adequate bond hearing to determine whether Petitioner is subject to mandatory detention. (ECF No. 6 at 28); *see Ramirez Brown v. Davenport*, 596 U.S. 118, 127-28 (2022).

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition. In particular, because the Court grants the Petition on Ground One, it does not reach Ground Two as it would not alter the Court's ruling.

It is therefore ordered that the Petition is granted on Ground One. (ECF No. 6.)

It is further ordered that Respondents must provide Petitioner with a constitutionally adequate bond hearing, no later than Thursday, August 20, 2026. At this bond hearing, the government must bear the burden of establishing, by clear and convincing evidence, an individualized and constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024). The bond hearing must also consider Petitioner's financial circumstances and possible alternative release conditions. *See*

*Hernandez v. Sessions*, 872 F.3d at 990. Respondents are enjoined from invoking mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(1)(A) at this new bond hearing. *See Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *26.

It is further ordered that if a constitutionally adequate bond hearing is not conducted by August 20, Respondents must immediately release Petitioner from custody on his own recognizance.

It is further ordered that the parties file a joint status report by Friday, August 21. The status report must detail if the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm the date and time of Petitioner's release from detention in compliance with this Order. If bond was denied, Respondents must (1) attach the order of the IJ to the joint status report and (2) provide the contemporaneous record of the bond hearing to Petitioner's counsel immediately upon request.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 13th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE