UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERTO BONAL RODRIGUEZ,

Petitioner,

v.

JOHN MATTOS, *et al.*,

Respondents.

Case No. 2:26-cv-02125-MMD-DJA

ORDER

## I. SUMMARY

Petitioner Roberto Bonal Rodriguez, an immigration detainee challenging the lawfulness of his ongoing federal detention, filed a second motion to re-open his habeas proceeding and enforce the Court's judgement granting him relief under 28 U.S.C. § 2241. (ECF No. 23 ("Motion").)[1] For the reasons explained below, the Court will deny the Motion.

## II. RELEVANT BACKGROUND

Petitioner entered the United States without inspection from Mexico nearly forty years ago. (ECF Nos. 6 at 4; 6-1 at 3.) On July 31, 2024, Petitioner pled guilty to felony attempt lewdness with a child under the age of 14. (ECF No. 33 at 5.) The state court sentenced Petitioner to a maximum 60-month sentence and conditioned his eligibility for parole on a minimum of 24 months served. (*Id.* at 6.) The state court further sentenced Petitioner to lifetime supervision and required him to register as a sex offender upon release. (*Id.*)

After completing his mandatory 24-month sentence, Petitioner was released on parole on April 3, 2026. (ECF No. 23 at 3 (citing ECF No. 6-1 at 15).) Upon release,

[1]Respondents responded (ECF No. 28) and Petitioner replied (ECF No. 32).

Petitioner was immediately detained by the Department of Homeland Security ("DHS"). (*Id.*) On June 1, Petitioner attended a hearing before an immigration judge ("IJ"). (*Id.* at 4.) The IJ ordered Petitioner removed to Mexico. (ECF Nos. 23 at 4; 10-2 at 2-3.) Petitioner timely appealed his removal order to the Board of Immigration Appeals ("BIA"). (ECF Nos. 6 at 9; 10 at 3.)

Petitioner filed a *pro se* petition for writ of habeas corpus with this Court in July. (ECF No. 1.) The Court granted Petitioner's amended counseled petition, finding Respondents unlawfully subjected Petitioner to mandatory detention and ordering Respondents to provide Petitioner a constitutionally adequate bond hearing. (ECF No. 14 at 4-6 ("Order").) The Court required the government to bear the burden at the bond hearing of proving a lawful basis for detaining Petitioner, such as dangerousness or flight risk, by clear and convincing evidence. (*Id.* at 5 (citing *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024)).) Petitioner filed a first motion to enforce judgement, arguing Petitioner's subsequent bond hearing on August 17 did not comply with the Order. (ECF No. 17.) The Court granted Petitioner's motion, finding "Respondents violated the spirit of the order by failing to provide Petitioner any notice at all of the time and date of his bond hearing." (ECF No. 22.) The Court ordered Respondents to provide a second bond hearing with at least 24 hours of notice. (*Id.*)

Petitioner had a second bond hearing ("Hearing") before IJ Julina Schaeffer on September 10. (ECF No. 24 at 00:03-00:15.) Petitioner's daughter testified in support of Petitioner at the Hearing. (*Id.* at 11:40-27:40.) IJ Schaeffer considered that testimony in Petitioner's favor in assessing bond. (*Id.* at 29:35-29:45.) IJ Schaeffer considered Petitioner's "conviction to be a very serious conviction," noting "there are interviews from two different victims" and stating that "the court is very troubled by your alleged actions to minors." (*Id.* at 30:40-31:35.) IJ Schaeffer found DHS met their burden and concluded Petitioner was a danger to the community. (*Id.* at 31:45-32:05.) IJ Schaeffer alternatively found Petitioner to be a flight risk due to his removal order. (*Id.* at 32:45-34:00.) IJ Schaeffer denied bond and Petitioner reserved his right to appeal. (*Id.* at 34:10-36:00.) IJ

D. J. Daugherty issued a written order denying Petitioner's bond dated September 3, 2026. (ECF No. 23-1.)[2]

## III. DISCUSSION

Petitioner argues the IJ failed to comply with the Order on four grounds. (ECF No. 23 at 12-17.) Respondents argue the Court lacks jurisdiction over the Motion under 8 U.S.C. § 1226(e). (ECF No. 28 at 4.) However, the Court retains jurisdiction to enforce its own orders, including conditional habeas writs. *See Cahill v. Insider Inc.*, 131 F.4th 933, 938 (9th Cir. 2025); *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020); Fed. R. Civ. P. 70. Accordingly, the Court addresses each of Petitioner's arguments.

First, Petitioner argues the IJ did not hold the government to the Court-ordered standard of clear and convincing evidence for risk of future dangerousness. (ECF No. 23 at 13.) However, the Court did not order the IJ to "announce the standard at which it held the government." (*Id.*) Petitioner does not argue that IJ Schaeffer, at any time during the Hearing, improperly placed the burden on Petitioner to prove lack of dangerousness. In fact, IJ Schaeffer explained to Petitioner at the Hearing that her "job here is to find out if the government has met their burden to establish whether you are a danger or a flight risk" and concluded that "the Department of Homeland Security has met their burden." (ECF No. 24 at 29:57-30:10, 32:15-32:25.) IJ Daugherty similarly concluded in the written order that "DHS established that [presented] equities fail[] to prevent [Petitioner] from engaging in dangerous behavior" and found Petitioner was a "danger to the community," not that Petitioner failed to prove he was not a danger. (ECF No. 23-1 at 4, 5.) The Court disagrees with Petitioner that "[t]he record does not support a finding that the government carried its burden." (ECF No. 23 at 13.) The government presented Petitioner's criminal record, including his recent felony conviction, which the IJs relied on in finding Petitioner

[2]The Court notes this peculiar arrangement, where one IJ presided over the Hearing and a different IJ issued a written order dated before that Hearing. Without any further explanation on the record, the Court finds this suspect. However, Petitioner does not acknowledge or raise any concerns regarding this IJ substitution and there are no significant discrepancies between the oral ruling and written order. The Court therefore will not *sua sponte* address this admittedly odd procedure. However, the Court will distinguish between IJ Schaeffer's oral ruling and IJ Daugherty's written order.

ineligible for bond due to dangerousness. In this way, the Court does not find any indication that the IJs failed to hold the government to its burden in accordance with the Order.

Petitioner further argues that the IJ predicated their dangerousness finding on improper evidence. (*Id.* at 14.) Petitioner argues the IJ erred by not expressly taking into consideration that Petitioner was released on parole at the "earlier possible opportunity," after serving a 24-month sentence. (*Id.*) While the "failure to consider 'highly probative' or 'potentially dispositive' evidence is legal error that 'cannot stand,'" the Court here does not find Petitioner's release on parole shortly after completing his minimum sentence as dispositive in refuting dangerousness. *Perez-Garcia v. Blanche*, 192 F.4th 1105, 1108 (9th Cir. 2026) (citations omitted). The Court agrees that "immigration detention is not intended to serve as an extension of criminal punishment," however an IJ's assessment of risk of future dangerousness includes considering the recency and severity of criminal history. *Nolasco Gaitan v. Blanche*, No. 2:26-cv-01839-ART-EJY, 2026 WL 3217105, at *4 (D. Nev. Oct. 27, 2026) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001));[3] *see Martinez*, 124 F.4th at 783 (citing Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006)) (outlining one of the factors an IJ weighs as "the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses").

Petitioner argues the IJ violated Petitioner's due process rights by relying on unidentified victim statements "when [sic] there is no evidence [Petitioner] ha[d] meaningful access to them before the hearing." (ECF No. 23 at 16.) As Petitioner acknowledges, the rules of evidence are not applicable to immigration hearings. (*Id.* (citing *Saidane v. INS*, 129 F.3d 1063, 1065 (9th Cir. 1997)).) Therefore, the government may rely on a hearsay statement so long as the statement is "probative" and "its

[3]Notably, in this case Petitioner relies on, Judge Traum addressed a Petitioner who served a three-month sentence for two misdemeanors, compared to the two-year sentence for a felony conviction contemplated here. (ECF No. 23 at 15); *Nolasco Gaitan v. Blanche*, No. 2:26-cv-01839-ART-EJY (D. Nev. July 14, 2026) (ECF No. 10-1 at 8-9, 12).

admission was fundamentally fair." *Saidane*, 120 F.3d at 1065 (citation omitted). Fundamental fairness requires the government to make a "reasonable effort in [immigration] proceedings to afford the [noncitizen] a reasonable opportunity to confront the witnesses against him or her." *Id.* (citation omitted). Respondents claim, without citation, that the IJ relied on victim statements within the police report. (ECF No. 28 at 5.) As Petitioner notes, the only document in the record containing victim accounts is the state presentence investigation report ("PSI"). (ECF No. 32 at 11 (citing ECF No. 28-5 (sealed) at 23-25).) The Court does not consider requiring victims of an underlying felony offense to testify at a bond hearing to be a necessary "reasonable effort" in this instance. Moreover, while Petitioner claims there is "no evidence" Petitioner received these victim statements before the Hearing, Petitioner does not address the filed court minutes from his criminal sentencing which indicates "[Petitioner] advised [the state criminal court] there were no issues with the Presentence Investigation Report (PSI)". (ECF Nos. 23 at 16; 28-5 at 8-16.)

Finally, Petitioner argues the IJ's "flight risk finding rests on insufficient ground and overlooks substantial contrary evidence." (ECF No. 23 at 13.) The Court agrees that IJ Schaeffer improperly concluded at the Hearing that no bond could adequately ensure Petitioner's appearance in court, despite acknowledging Petitioner's long residence and family support, solely due to the existence of a non-final removal order. (ECF No. 24 at 33:00-34:00.) A removal order is, "as a matter of law, insufficient to justify the denial of bond." *Alfaro Cruz v. Bernacke*, No. 2:26-cv-00080-RFB-BNW, 2026 WL 1414096, at *3 (D. Nev. May 20, 2026) (citing *Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011) (noting "the only evidence…cited for…the IJ's conclusion that [the petitioner] was a flight risk was the fact" the petitioner "had already been ordered removed by a final, administrative order, diminishing his incentive to appear for further removal proceedings" and finding that consideration alone, which was common to most noncitizens subject to prolonged detention during removal proceedings, was not sufficient evidence of flight risk to justify the denial of bond)). However, IJ Schaeffer did not deny bond because she found

Petitioner to be a flight risk. She made her flight risk assessment in the alternative. (ECF No. 24 at 32:45-32:57 ("Even finding that you are a danger, the court would also have, find that you are a flight risk at this time.").) IJ Daugherty's written order makes no flight risk determination at all, noting only that the immigration court "considered dangerousness and flight risk" but that "[a]s a dangerous [noncitizen], release on bond is not appropriate, regardless of whether he poses a flight risk." (ECF No. 23-1 at 4, 5 (citing Matter of Urena, 25 I&N Dec. 140 (BIA 2009))); *see also* Matter of Siniauskas, 27 I&N. Dec. 207 (BIA 2018) ("[A]n Immigration Judge should only set a monetary bond if the respondent first establishes that he is not a danger to the community.") Petitioner argues in reply that Matter of Urena and Matter of Siniauskas do not apply because the Court placed the burden on the government at the Hearing. (ECF No. 32 at 9.) But the Court's Order did not negate BIA precedent establishing the order of operations in first assessing dangerousness and then flight risk.

In sum, the Court does not find Petitioner raises any grounds for reopening this case or mandating further compliance with the Order at this time.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that the motion to enforce (ECF No. 23) is denied.

DATED THIS 24th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE